UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA SUE GREEN,<br><br>  Plaintiff,<br><br>  v.<br><br>THE JOHN STEWART COMPANY, et al.,<br><br>  Defendants. | No. 2:24-cv-0378 DJC SCR PS<br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by operation of Local Rule 302(c)(21).

Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"). ECF No. 2. However, the application is largely incomplete and does not provide the information necessary for the Court to make a determination. *See* 28 U.S.C. § 1915(a)(1). Specifically, Plaintiff does not include income information. The Court will grant plaintiff 30 days to submit a complete IFP application.

The Court will refrain from completing the mandatory screening required of IFP complaints under 28 U.S.C. § 1915(e) unless or until Plaintiff files a complete IFP application. However, in provisionally screening the Complaint, the Court notes that Plaintiff fails to state claims under the Americans with Disabilities Act ("ADA") or the Eighth Amendment. The Court

1

explains its conclusions on these points below, which Plaintiff may consider in determining whether to file an amended complaint.

### A. The Complaint

Plaintiff's Complaint names four defendants: (1) The John Stewart Company, the owner of Plaintiff's apartment complex; (2) John Stewart, the owner of Plaintiff's apartment complex, (3) Alondra Robles, the manager of Plaintiff's apartment complex, and (4) Felicia Parm, the assistant manager of Plaintiff's apartment complex. ECF No. 1 at 2-3. The Complaint asserts federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 3.

The Complaint alleges that Defendants violated Plaintiff's rights under the ADA and the Eighth Amendment to the United States Constitution by failing to move her residence from a second-floor apartment to a first-floor apartment after her husband, friend, and caregiver complained that it was not safe for Plaintiff to reside upstairs. *Id.* at 4-7. The Complaint also alleges that her apartment complex "has no elevator, ramp, or A.D.A. access for it's [sic] upstairs disabled residents, such as Plaintiff Mrs. Green," and that Plaintiff has fallen while using the stairs on at least two separate occasions, which has required her to seek medical attention. *Id.* at 6.

Plaintiff seeks the following relief: (1) a declaratory judgment that Defendants violated Plaintiff's rights under the ADA and Eighth Amendment of the United States Constitution; (2) that Plaintiff be housed in a first-floor apartment; (3) punitive damages in the amount of $200,000; (4) cost of the suit, including the filing fee; and (5) any other relief the Court deems just and equitable.

### B. Analysis

As a provisional matter, the Complaint does not sufficiently plead a claim for relief.

#### 1. ADA

"The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V). *See* Americans with Disability Act of 1990, Pub.L. No. 101-336, 104 Stat. 327, 327-28 (1990). Although Plaintiff does not identify which

1  Title her claims are based on, it appears that she attempts to make a claim under Title III because
2  her claims are not employment based, do not concern a public entity, do not concern
3  telecommunications for hearing- or speech-impaired individuals, and do not appear to fit any of
4  the miscellaneous provisions.

5  Title III prohibits discrimination by public accommodations, 42 U.S.C. § 12181 et seq.,
6  and provides "No individual shall be discriminated against on the basis of disability in the full
7  and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations
8  of any place of public accommodation by any person who owns, leases (or leases to), or operates
9  a place of public accommodation," *id.* § 12182(a). To state a claim under Title III, plaintiff must
10 allege that: "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private
11 entity that owns, leases, or operates a place of *public accommodation*; and (3) the plaintiff was
12 denied *public accommodation* by the defendant because of her disability." *Molski v. M.J. Cable*,
13 Inc., 481 F.3d 724, 730 (9th Cir. 2007) (emphasis added).

14 Whether plaintiff has stated a claim under Title III turns on whether her apartment
15 complex—Woodhaven Senior Residents Apartments—is a "public accommodation." According
16 to the ADA statute and case law, a "public accommodation" includes "an inn, hotel, motel, or
17 other place of lodging," but does not generally include residential apartment complexes. *See* 42
18 U.S.C. § 12181(7)(A); *Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F.
19 Supp. 1328, 1344 (N.D. Cal. 1993) ("[T]he legislative history of the ADA clarifies that "other
20 place of lodging" does not include residential facilities.") (citing H.R.Rep. No. 101–485(II), 101st
21 Cong., 2d Sess. 383 (1990), U.S. Code Cong. & Admin. News 1990, p. 267); *Arceneaux v. Marin*
22 *Hous. Auth.*, No. 15-CV-00088-MEJ, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015)
23 ("[A]partment complexes do not constitute 'public accommodations' within the meaning of the
24 ADA.") (citing cases). Although apartment complexes are not generally subject to the
25 requirements of the ADA, "some spaces within apartment complexes are considered public
26 accommodations" and are subject to compliance with the ADA. *Moore v. Equity Residential*
27 *Mgmt.*, L.L.C., No. 16-cv-07204-MEJ, 2017 WL 897391, at *3 (N.D. Cal. Mar. 7, 2017) (citing
28 cases); *Heyward v. Mosser Properties, Inc.*, No. 24-cv-2355-LB, 2024 WL 4244847, at *4-5

(N.D. Cal. Sept. 19, 2024) ("Portions of a residential facility may be covered by the ADA if made available to the general public for rental or use."). "The determination of whether a facility is a 'public accommodation' for purposes of coverage by the ADA therefore turns on whether the facility is open 'indiscriminately to other members of the general public.'" *Jankey v. Twethieth Cent. Fox Film Corp.*, 14 F. Supp. 2d 1174, 1178 (C.D. Cal. 1998).

The Court finds that Plaintiff has failed to state a claim under Title III of the ADA because Plaintiff presents no facts alleging that the second floor of her apartment complex, which she resides on and has had difficulty accessing and has injured herself trying to access, is available for use for anyone other than residents or their guest. *See id.*; *see also Estavillo v. Cortese*, No. 23-cv-4032-VKD, 2024 WL 2808651, at *3-4 (N.D. Cal. May 30, 2024) (dismissing plaintiff's ADA claim because his complaint "asserts no facts supporting an inference that the Apartments' parking areas are available for use by anyone other than residents or their guest"), appeal dismissed, No. 24-3502, 2024 WL 4024518 (9th Cir. June 20, 2024).

In the event that Plaintiff chooses to amend her Complaint, the undersigned informs Plaintiff that she can *only* seek injunctive relief, *not* monetary damages under Title III of the ADA. *Ervine v. Desert View Regional Medical Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) ("Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief."). Accordingly, any amended complaint should only seek injunctive relief under Title III of the ADA.

### 2. Eighth Amendment

The Eighth Amendment to the United States Constitution states "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII.

Here, Plaintiff has not alleged excessive bail or fines, nor does it appear that she could. Instead, from what the Court can discern, the Complaint alleges that Defendants violated the Eighth Amendment prohibition on cruel and unusual punishment. Specifically, Plaintiff claims that Defendants acted with deliberate indifference to her health and safety by ignoring her husband's, friend's, and caregiver's requests to move her residence from the second floor to a

1 first-floor residence after Plaintiff had fallen while using the stairs. The Supreme Court, however, has made clear that the "cruel and unusual" punishment clause "'has always been considered, and properly so, to be directed at the method or kind of punishment' a government may 'impos[e] for the violation of criminal statutes,'" *City of Grants Pass, Oregon v. Johnson*, 144 S.Ct. 2202, 2215 (2024) (quoting *Powell v. Texas*, 392 U.S. 514, 53-32 (1986) (plurality opinion)), and that it applies to prisoners. *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) ("[T]he Eighth Amendment applies equally to convicted *prisoners* inside or outside the walls of the penal institution.") (emphasis added). Because Plaintiff fails to allege facts that she was subject to cruel and unusual punishment *after* being convicted of a criminal statute, or that she is a prisoner, she fails to state an Eighth Amendment cruel and unusual punishment claim. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) (Eighth Amendment protections apply only once a person has been convicted of a crime).

Plaintiff's Eighth Amendment claim also fails because the Complaint does not allege that Defendants are government actors or private actors that can be considered government actors. The Eighth Amendment puts limitations on the *government's* power to act, not private citizen or entities, unless the private entity can be considered a private actor.[1] *Timbs v. Indiana*, 586 U.S. 146, 151 (2019) ("Taken together, these Clauses place 'parallel limitations' on 'the power of those entrusted with the criminal-law function of government.'"); *Thompson v. Oklahoma*, 487 U.S. 815, 819 n.1 (1988) (the Eighth Amendment protections "must be observed by the States as well as the Federal Government"); *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) ("[B]ecause the Eighth Amendment is a limitation upon the Government, *Austin v. United States*, 509 U.S. 602, 609, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), that actor must be the Government or its agents."); *Jackson v. Byrne*, 738 F.2d 1443, 1445-46 (7th Cir. 1984) ("the Eighth Amendment is not implicated because no governmental unit imposed penalties on plaintiffs");

---

[1] Where government action is required, a private entity can be considered a government actor "(i) when the private entity performs a traditional, exclusive public function, . . . (ii) when the government compels the private entity to take a particular action, . . . or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019).

*Johnston v. Antle*, No. 1:24-cv-0046 DII, 2024 WL 4706591, at *2 (W.D. Tex. Sept. 19, 2024), report and recommendation adopted, 2024 WL 4701910 (W.D. Tex. Nov. 5, 2024) ("[T]he Eighth Amendment prohibits governments from inflicting cruel and unusual punishment on private citizens against whom the government has 'secured a formal adjudication of guilt in accordance with due process of law.'"); *Czernicki v. Iskra*, No. 02CIV.3816 (GEL)(DCF), 2003 WL 22047862, at *3 (S.D.N.Y. Aug. 29, 2003) (Eighth Amendment claim "require[s] action by a government actor"); *Magadia v. Wal-Mart Associates, Inc.*, 384 F. Supp. 3d 1058, 1106-07 (N.D. Cal. 2019), rev'd on other grounds, 999 F.3d 668 (9th Cir. 2021) (ruling that the Eighth Amendment does not apply to cases between private parties).

Accordingly, "[s]ince the Eighth Amendment does not protect individuals who have not been adjudicated guilty and does not protect against allegedly cruel and unusual punishment by private citizens, [Plaintiff] has failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)." *Johnston*, at *2.

### C.  **Possible Amendment**

Plaintiff may amend the Complaint without leave of the Court because the deadlines under Federal Rule of Civil Procedure 15(a)(1) have not yet occurred.  It is Plaintiff's choice whether or not to file an amended complaint.  If Plaintiff does not file an amended complaint and submits a complete IFP request, the Court will screen the original Complaint to determine whether this action should proceed.

### D.  **Conclusion**

Plaintiff is **ORDERED** to file a complete IFP application within **30 days** of the date of this order.  If Plaintiff fails to file such a complete IFP application, the Court may recommend that this action be dismissed for failure to prosecute and for failure to follow a court order.

DATED: December 12, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE