UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA SUE GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE JOHN STEWART COMPANY, et al,<br><br>　　　　　Defendants. | No.  2:24-cv-0378-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff Virginia Sue Green is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On February 1, 2024, Plaintiff filed an application to proceed in forma pauperis ("IFP"). ECF No. 2. On December 13, 2024, the Court found that this IFP application did not provide sufficient information about Plaintiff's income to make a determination. ECF No. 4 at 1.

    The Court also found that the Complaint failed to state a claim under the Americans with Disabilities Act ("ADA") or the Eighth Amendment. *Id.* at 1-2. The Complaint alleges that the Defendants, who collectively own and manage Plaintiff's apartment complex, refused to move her to a first-floor apartment after her husband complained it was not safe for Plaintiff to reside upstairs. ECF No. 1 at 2-7. The Complaint further alleges that the apartment complex has no alternative to the stairs for disabled residents, and that Plaintiff has therefore fallen down the

1

1 stairs and needed medical attention on two separate occasions. *Id.* at 6.

2 The Court found that the Complaint had failed to state a claim under the ADA, which does not apply to parts of a residential complex that are only accessible by residents and their guests. ECF No. 4 at 3-4 (citing, *e.g., Jankey v. Twethieth Cent. Fox Film Corp.*, 14 F. Supp. 2d 1174, 1178 (C.D. Cal. 1998); *Estavillo v. Cortese*, No. 23cv-4032-VKD, 2024 WL 2808651, at *3-4 (N.D. Cal. May 30, 2024)). As to Plaintiff's Eight Amendment claim, the Court found that such a claim cannot apply to private entities unless they can be considered government actors. ECF No. 4 at 5 ((citing, *e.g., Timbs v. Indiana*, 586 U.S. 146, 151 (2019)). The Complaint did not plead facts showing that the Defendants were government entities or otherwise acted as government actors. ECF No. 4 at 5.

Accordingly, the Court ordered Plaintiff to file a complete IFP application within 30 days of the December 13, 2024 order. *Id.* at 6. The Court otherwise reserved the right to recommend that this action be dismissed for failure to prosecute and for failure to follow a court order. *Id.* It also advised Plaintiff that she could amend her Complaint to rectify its failure to state a claim. *Id.* To date, Plaintiff has neither refiled an IFP application nor amended her Complaint.

This action should be dismissed because Plaintiff has failed to state a claim on which relief can be granted, has failed to prosecute this action, and has failed to follow a court order. Local Rule 110; Fed. R. Civ. P. 41(b). When deciding whether to recommend dismissal for failure to comply with a court order, the Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District and the fact that the Complaint fails to state a claim. The third factor is neutral given that Defendant has not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291

F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if Plaintiff is not precluded from litigating this matter. The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** this action be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**SO ORDERED**.

DATED: June 13, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE